

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
RECEIVED / FILED

FEB 20 2001

Michael N. Milby, Clerk of Court

| | |
|---|---|
| HERMENEGILDO PATLAN,<br>　　Plaintiff, | *<br>*<br>* |
| v. | *　　CIVIL ACTION No. Misc-B-00-041 |
| REALITY HOUSE COMMUNITY<br>CORRECTION CENTER, ETC.<br>　　Defendants. | *<br>*<br>*<br>* |

### DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1),(2) &(6) AND ALTERNATIVE MOTION FOR SUMMARY JUDGMENT AND SUPPORTING MEMORANDUM

TO THE HONORABLE JUDGE OF SAID COURT:

The United States of America has not been formerly named as a party in this lawsuit, nor have any of its agents or officers been named as defendants in this lawsuit. However, because the United States Attorney was served with a summons in this case as well as an order signed on December 26, 2000, requiring a response by the United States to the pleadings herein, the United States submits for consideration its motion to dismiss this action--as it may pertain to the United States--pursuant to Rules 12(b)(1), (2) and (6) of the Federal Rules of Civil Procedure. Alternatively, the United States moves this Court to grant a summary judgment for the United States and against the Plaintiff, because, as a matter of law, Plaintiff has no viable claim against the United States.

In support of this motion, the United States submits the following for the Court's consideration:

### A. Common Law Tort Allegations Must be Dismissed.

1.　In this complaint, the Plaintiff alleges that he is the victim of constitutional rights violations by individuals employed by the Reality House Community Corrections Center (RHCCC) and the Brownsville Police Department (BPD).

2. As acknowledged by the Plaintiff at Paragraph A.2. of his complaint, the RHCC is a "private contractor" for the United States Bureau of Prisons. See also Exhibit "A" attached hereto.

3. In terms of any potential common law tort claims against the United States, its agents or officers, the United States submits that the allegations must be dismissed for failure to state a claim and want of subject matter jurisdiction.

4. Generally, the United States enjoys sovereign immunity from suit unless it has specifically waived immunity. Truman vs. United States, 26 F.3d 592, 594 (5th Cir. 1994). A limited waiver of its sovereign immunity for various common law torts (and exceptions thereto) was provided under the Federal Tort Claims Act (FTCA). 28 U.S.C. 2671, *et seq*.

5. Under the FTCA, the Plaintiff is required to first submit to the United States an administrative claim that sets forth the claim for injury, and a sum certain demand for recovery. See 28 U.S.C. 2675(a). Such a demand has not been made. See Exhibit "A" attached hereto. Accordingly, this Court lacks subject matter jurisdiction to proceed on any common law tort claims against the United States.

6. More importantly, however, is that even if Plaintiff had made such a demand, Plaintiff could not recover from the United States. Plaintiff clearly states in his complaint that the conduct he is complaining of is that of the RHCCC and the BPD and their respective employees. The RHCCC, as noted by the Plaintiff, is a private contractor for the United States Bureau of Prisons. Id. The FTCA does not extend to contractors. See, Linkous vs. United States, 142 F.3d 271 at 275 (5th Cir. 1998) citing to United States vs. Orleans, 425 U.S. 807, 813-814, 96 S.Ct. 1971, 48 L.Ed.2d 390 (1976).

7. Consequently, any common law tort claims alleged by the Plaintiff herein, against

the United States, must be dismissed for want of jurisdiction.

### B. Constitutional Tort Allegations Must be Dismissed.

1. As previously stated, the United States enjoys sovereign immunity from suit unless it has specifically waived immunity. <u>Truman vs. United States</u>, 26 F.3d 592, 594 (5th Cir. 1994). The United States has not consented to be sued for actions alleging violations of the Constitution or constitutional torts. As such, any allegations of constitutional torts must be dismissed for failure to state a claim. <u>Interfirst Bank Dallas, N.A. vs. United States</u>, 769 F.2d 299, 309 (5th Cir. 1985).

2. It is true, however, that federal employees may be sued in their individual capacities for alleged constitutional torts or deprivations that took place while acting in the course and scope of their duties. *See,* <u>Bivens vs. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).

3. However, in the case at bar, Plaintiff has not named a single employee of the United States as a defendant (or as an actor participating in the alleged misconduct). Accordingly, the United States will refrain from setting forth any potential affirmative defenses (i.e. qualified immunity) that would normally be available to an employee named in his individual capacity.[1]

4. Consequently, such allegations against the United States must be dismissed pursuant to Rules 12(b)(1), (2) and (6) of the Federal Rules of Civil Procedure.

---

[1] Normally, when a federal employee has been named in his or her individual capacity as a defendant in a civil suit alleging constitutional violations that allegedly took place during the course and scope of their employment, the affected employee submits a request for representation to the Department of Justice. Upon review of the request, available materials and the complaint, the Department of Justice may or may not authorize representation of that employee by the United States. Accordingly, until such representation is authorized, the United States Attorney's Office cannot formally respond to a complaint against an individually named defendant who is a federal employee.

## 3. *Conclusion*

WHEREFORE, PREMISES CONSIDERED, to the extent that the United States is deemed to be a defendant in this lawsuit, it is requested that the United States be dismissed for want of jurisdiction. Alternatively, to the extent that the Court must review matters outside the pleadings herein, it is requested that this Court grant summary judgment for the United States and against the Plaintiff pursuant to Rule 56 (b) and (c) of the Federal Rules of Civil Procedure.

Respectfully submitted,

MERVYN M. MOSBACKER
UNITED STATES ATTORNEY

NANCY L. MASSO
Assistant United States Attorney
600 East Harrison Street, No. 201
Brownsville, TX 78520
Tel:   (956) 548-2554
Fax:   (956) 548-2549
State Bar No. 00800490
Federal I.D. No. 10263

## CERTIFICATE OF SERVICE

I hereby certify on **February 20, 2001** a copy of the Defendant United States of America's Motion to Dismiss Pursuant to FRCP 12(b)(2) & (6) and Alternative Motion for Summary Judgment and Supporting Memorandum was mailed via certified mail, return receipt requested to Plaintiff, Hermenegildo Patlan, 4116 Hollis Dr., Edinburg, Texas 78539.

NANCY L. MASSO
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| HERMENEGILDO PATLAN, § <br> § <br> PLAINTIFF, § <br> § <br> V. § <br> § <br> REALITY HOUSE COMMUNITY § <br> CORRECTIONS CENTER, ET AL., § <br> § <br> DEFENDANT. § <br> _____§ | MISC. NO. B-00-041 |

DECLARATION OF JAMIE D. WYNN

In accordance with the provisions of Section 1746 of Title 28, United States Code, I, the undersigned, Jamie D. Wynn, do hereby make the following declaration, under penalty of perjury in the above-styled and numbered cause:

1. I, Jamie D. Wynn, am presently employed by the United States Government as the Legal Intern for the Federal Bureau of Prisons, South Central Regional Office, Dallas, Texas. I have held this position since May 1999. In my position as the Legal Intern, I assist on various litigation and tort claim matters filed against the Federal Bureau of Prisons.

2. In the course of incarcerating Federal inmates, the Bureau of Prisons engages in a contract with private correctional facilities. This contract, called a Statement of Work, defines the nature of the relationship between the Bureau of Prisons and the facilities with which the Bureau of Prisons contracts. There is one standard Statement of Work the Bureau of Prisons uses for all of its contract facilities.

DEFENDANT'S EXHIBIT

3. The Bureau of Prisons is not responsible for the representation of, nor the litigation of, claims that arise against contract facilities.

4. Because the specific facility in question, the Reality House Community Corrections Center, is a contract facility, the Bureau of Prisons is not responsible for the representation of, nor the litigation of, claims that arise against the Reality House.

4. If claims are brought against both the contract facility and the Bureau of Prisons, each entity is responsible for providing their own representation and litigation matters.

5. To the best of my knowledge and information, the plaintiff in this case, Hermenegildo Patlan, has not, at any time, filed a Request for Administrative Remedy against the Bureau of Prisons, nor has he filed a claim under the Federal Tort Claims Act.

I declare under penalty of perjury pursuant to 28 U.S.C. 1746, that the foregoing is true and correct to the best of my knowledge. Executed this 5th day of February, 2001.

*Jamie D. Wynn*
Jamie D. Wynn
Legal Intern
Dallas, Texas

2



U.S. Department of Justice
Federal Bureau of Prisons

# Technical Reference Manual

OPI:
NUMBER:
DATE:
SUBJECT:  Communinty Corrections Center Statement of Work

# Community Corrections Center Statement of Work January 2000

ClibPDF - www.fastio.com

The contractor shall report all criminal activity related to the performance of this contract to the appropriate law enforcement investigative agency, e.g., Federal Bureau of Investigation, United States Marshals Service, state and local authorities, and immediately notify the CCM of the report. The contractor shall immediately report to the CCM any person or agency requesting to use an offender in any investigation.

The contractor shall submit any request for contract changes through the CCM to the Contracting Officer (CO) for approval.

Should electronic media, e.g., the Internet, be used by the contractor, the contractor shall manage the information in accordance with Federal law, regulations and policies of the U.S. Department of Justice and BOP. Offenders shall not have direct access to the Internet in the facility.

The BOP Internet web page (WWW.BOP.GOV) is available to the contractor as a resource for information.

7. SCOPE OF WORK. The contractor shall comply with all requirements in this SOW and other reference documents as indicated. The technical proposal is incorporated into the contract unless otherwise stated in the contract or defined by the CCM.

The contractor has affirmative responsibility to ensure proper management and oversight of their program. Absentee ownership shall not mitigate program integrity, responsiveness or responsibility.

The contractor shall protect, defend, indemnify, save and hold harmless the United States Government, the BOP and its employees or agents, from and against any and all claims, demands, expenses, causes of action, judgements and liability arising out of, or in connection with, any negligent acts or omissions of the contractor, its agents, subcontractors, employees, assignees or any one for whom the contractor may be responsible.

The contractor shall also be liable for any and all costs, expenses and attorneys fees incurred as a result of any such claim, demand, cause of action, judgement or liability, including those costs, expenses and attorneys fees incurred by the United States Government, the BOP and its employees or agents. The contractor's liability shall not be limited by any provision or limits of insurance set forth in the resulting contract.

In awarding the contract, the Government does not assume any liability to third parties, nor will the Government reimburse the contractor for its liabilities to third parties, with respect to loss due to death, bodily injury, or damage to property resulting

```
 1    in any way from the performance of the contract or any
 2    subcontract under this contract.
 3
 4    The contractor shall be responsible for all litigation, including
 5    the cost of litigation, brought against it, its employees or
 6    agents for alleged acts or omissions.  The CO shall be notified
 7    in writing of all litigation pertaining to this contract and
 8    provided copies of any pleadings filed or said litigation within
 9    five working days of the filing.  The contractor shall provide
10    the CCM copies of all documents.  The contractor shall cooperate
11    with Government legal staff and/or the United States Attorney
12    regarding any requests pertaining to federal or contractor
13    litigation.
14
15    The contractor shall develop operational policies and procedures
16    that follow the requirements contained in this SOW and to
17    generally accepted correctional practice as defined by the COTR.
18
19    Except as otherwise provided for in this SOW, all federal
20    offenders shall receive the same treatment and services.
```