53

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

NOV 0 7 2001

| | |
|---|---|
| HERMENEGILDO PATLAN, § <br> Plaintiff, § <br> § <br> VS. § <br> § <br> REALITY HOUSE COMMUNITY § <br> CORRECTIONS CENTER, JOE GARCIA, § <br> MANUEL GAONA, JUAN CARLOS § <br> CRUZ, BROWNSVILLE POLICE § <br> DEPARTMENT, X-UNKNOWN § <br> OFFICERS, and MRS. "TENCHA" § <br> MANCHA, § <br> Defendants. | CIVIL ACTION NO. B-00-041 <br> (JURY REQUESTED) <br> (636(c)) |

## ORDER GRANTING DEFENDANTS THE CITY OF BROWNSVILLE
## AND THE BROWNSVILLE POLICE DEPARTMENT'S
## MOTION FOR SUMMARY JUDGMENT

On this day came on to be heard Defendants the City of Brownsville and the Brownsville Police Department's Motion for Summary Judgment filed in this cause. Plaintiff fail to appear and Defendants the City of Brownsville and Brownsville Police Department appeared by and through counsel. The Court, after examining the pleadings and summary judgment evidence and hearing the arguments of counsel, makes the following findings of fact and conclusions of law:

(1) Plaintiff has failed to state a claim for which relief can be granted under 42 U.S.C. § 1983 against the City of Brownsville or the Brownsville Police Department, *see Monell v. Department of Social Services*, 436 U.S. 658 (1978) (articulating elements of municipal liability claim under 42 U.S.C. § 1983);

(2) neither the City of Brownsville nor the Brownsville Police Department violated Plaintiff's right under the Fourth Amendment to the United States Constitution to be

-1-

free from the use of excessive force, *see Johnson v. Morel*, 876 F.2d 477 (5th Cir. 1989)(articulating Fourth Amendment use of force standard); *see Baldwin v. Stalder*, 137 F.3d 836 (5th Cir. 1998)(holding that prison official's actions in using pepper mace to quell inmates' disturbance on bus and in not allowing inmates to leave bus to wash off the mace did not amount to use of excessive force in violation of Eighth Amendment);

(3)  neither the City of Brownsville nor the Brownsville Police Department violated Plaintiff's right under the Fourth Amendment to the United States Constitution to be free from false arrest, *see Draper v. United States*, 358 U.S. 307 (1959); *Wong Sun v. United States*, 371 U.S. 471 (1963);

(4)  Plaintiff has not stated a claim for relief under the Fifth Amendment to the United States Constitution, *see James v. Reese*, 546 F.2d 325 (9th Cir. 1976)(holding that the Fifth Amendment is a limitation upon the federal government and has no reference to state or municipal actions);

(5)  the Brownsville Police Department is not a "person" for purposes of 42 U.S.C. § 1983, *see Ngiraingas v. Sanchez*, 858 F.2d 1368 (9th Cir. 1988), *aff'd*, 495 U.S. 182 (1989) (holding that municipal police department not "person" under 42 U.S.C. § 1983); *Irvin v. Borough of Darby*, 937 F. Supp. 446 (E.D. Pa. 1996) (holding same); *Post v. City of Fort Lauderdale*, 750 F. Supp. 1131 (S.D. Fla. 1990) (holding same).

(6)  the City of Brownsville had no "policy, custom, or practice" that affirmatively caused Plaintiff to suffer a constitutional deprivation, *see Languirand v. Hayden*, 717 F.2d 220 (5th Cir. 1983) (holding that allegations of single shooting incident not sufficient to create liability under § 1983);

(7) Plaintiff's state law claims for assault and battery have no merit because the conduct of police officers in using force necessary to effect an arrest is privileged under state law; and

(8) Texas Civil Practice and Remedies Code section 101.057 bars suit for assault and battery against the City of Brownsville and the Brownsville Police Department.

Having made these findings of fact and conclusions of law, the Court is accordingly of the opinion and finds that Defendants the City of Brownsville and Brownsville Police Department are entitled to summary judgment.

IT IS THEREFORE, ORDERED ADJUDGED and DECREED that Defendants the City of Brownsville and the Brownsville Police Department's Motion for Summary Judgment be GRANTED, that Plaintiff takes nothing as against Defendants the City of Brownsville and the Brownsville Police Department and that all claims against these Defendants be and are DISMISSED with prejudice.

All relief requested and not expressly granted is hereby DENIED.

Signed this the 7th day of November, 2001.

_____
UNITED STATES MAGISTRATE JUDGE