54

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 0 7 2001

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| HERMENEGILDO PATLAN | § |
| | § |
| VS. | § |
| | § |
| | § |
| UNITED STATES OF AMERICA, | § |
| REALITY HOUSE COMMUNITY | § |
| CORRECTIONS CENTER, JOE GARCIA, | § |
| MANUEL GAONA, JUAN CARLOS CRUZ | § |
| BROWNSVILLE POLICE DEPARTMENT | § |
| X-UNKNOWN OFFICERS, MARIA | § |
| HORTENCIA MANCHA | § |

CIVIL ACTION NO. 00-MC-41

(636(c))

<u>ORDER RE: DEFENDANTS JOE GARCIA, MANUEL GAONA,
JUAN CARLOS CRUZ, MARIA HORTENCIA MANCHA AND
REALITY HOUSE COMMUNITY CORRECTIONS CENTER'S
MOTION FOR SUMMARY JUDGMENT</u>

Came on for consideration Defendants Reality House Community Corrections Center (hereinafter "RHCCC"), Joe Garcia, Manuel Gaona, Juan Carlos Cruz, and Maria H. Mancha's Motion for Summary Judgment. After due consideration, the Court issues the following Order.

I.  **BACKGROUND**

This case was instituted on May 21, 2001 with the filing of the Plaintiff's Complaint alleging civil rights violations. The case was referred to the undersigned United States Magistrate Judge. Subsequently, with the consent of the parties, the

1

entire case was transferred to the undersigned for final adjudication.

On April 5, 2001, the undersigned filed an Order scheduling, *inter alia*, a Pre-trial Conference for November 1, 2001 during which all pending motions and other pre-trial matters were to be heard. Counsel for Defendants, who had previously filed Motions for Summary Judgment, attended the hearing and argued their motions. Plaintiff, who had not filed any response to the Motions for Summary Judgment, failed to attend the hearing.[1]

## II. SUMMARY JUDGMENT STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure provides that the Court may only grant a motion for summary judgment when there is no genuine issue of material fact and the moving party is entitled to summary judgment as a matter of law. The party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrates the absence

---

[1] The Court also notes that Plaintiff failed to file a Pre-trial Order, and failed to attend a motion hearing scheduled for August 21, 2001. Nonetheless, Plaintiff did file a "Motion for Pretrial Conference" and "Certificate of Interested Parties" on October 19, 2001.

of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325 (1986).

Once a properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing that there is a genuine issue for trial. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 250, 106 S. Ct. 2505 (1986). In doing so, the nonmoving party may not rest upon the mere allegations or denials of its pleadings, and unsubstantiated or conclusory assertions that a fact issue exists will not suffice. <u>Tex Morris v. Covon World Wide Moving</u>, 144 F.3d 377, 380 (5th Cir. 1998), citing <u>Anderson</u>, 477 U.S. at 256. Rather, the nonmoving party must set forth specific facts showing the existence of a "genuine" issue concerning every essential component of its case. <u>Thomas v. Price</u>, 975 F.2d 231, 235 (5th Cir. 1992). The Court does not, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts. <u>Little v. Liquid Air Corp</u>, 37 F.3d 1069, 1075 (5th Cir. 1994) (<u>en banc</u>).

Conclusory, unsupported assertions are insufficient to defeat a motion for summary judgment. <u>Marshall v. East Carroll Parish Hospital Services District</u>, 134 F.3d 319, 324 (5th Cir. 1998); <u>Clark v. America's Favorite Chicken Co.</u>, 110 F.3d 295, 297 (5th Cir.1997); <u>Duffy v. Leading Edge Products, Inc.</u>, 44

3

F.3d 308, 312 (5th Cir.1995); <u>Krim v. BancTexas Group, Inc.</u>, 989 F.2d 1435, 1449 (5th Cir.1993); <u>Elliott v. Perez</u>, 751 F.2d 1472, 1479 & n. 20 (5th Cir. 1985).

### III. <u>FINDINGS OF FACT AND CONCLUSION OF LAW</u>

The Court makes the following findings of fact and conclusions of law in light of the foregoing summary judgment standard.

#### A. Findings of Fact

1. Plaintiff was an inmate of the Reality House Community Corrections Center on May 28, 2000.

2. Plaintiff received permission to leave the facility at 11:00 a.m. with a scheduled return time of 1:00 p.m.

3. Plaintiff did not return at 1:00 p.m.

4. Plaintiff called a staff member of Reality House Community Corrections Center and stated he would return late because he was having problems with his girlfriend. He was told to return to the facility. He did not have permission to stay out of the facility.

5. Plaintiff did not return to the facility until 8:15 p.m.

6. Plaintiff was intoxicated and belligerent upon his return.

4

7. Plaintiff grabbed the breathalyzer equipment and threw it to the ground, breaking it.

8. The Brownville Police Department was called and responded. Upon arriving, the Brownsville officer had to call for backup in light of the violent behavior of Plaintiff.

9. Plaintiff was arrested for disorderly conduct and resisting arrest.

10. Staff of Reality House Community Corrections Center prepared an escapee checklist, incident report (on a form provided by the Federal Bureau of Prisons), and Investigation Report.

11. Defendant Cruz advised Plaintiff of his *Miranda* rights. Plaintiff told Defendant Cruz that he had nine beers, got confused and "lost his mind." Plaintiff did not remember breaking the breathalyzer equipment.

12. Plaintiff was attending an alcohol treatment program at the time.

13. On May 30, 2000, Plaintiff was served a copy of the Federal Bureau of Prisons "Notice of Center Discipline Committee Hearing." Plaintiff signed the Notice, indicating his receipt.

14. The Disciplinary Hearing was held on June 1, 2000, at 9:30 a.m. Plaintiff gave a statement at the hearing. He

5

admitted he had a fight with his girlfriend and got drunk. He admitted that he lost control due to the alcohol. He did not request any witnesses.

15. The Disciplinary Committee concluded that Plaintiff did not return as scheduled, recommended that he be returned to close custody, and recommend that he lose 50% of his good time.

16. Plaintiff was advised of his right to appeal the Disciplinary Committee's findings and recommendations. He initialed that portion of the form.

17. On June 27, 2000, Community Corrections Manager Benjamin Tousely affirmed the decision, disallowed thirteen days good time, and directed that Plaintiff be transferred to a secure facility.

18. Reality House Community Corrections Center is merely a location of Reality House, Inc., a subsidiary of Correctional Systems, Inc. Reality House Community Corrections Center is not a corporate entity, does not have authority or capacity to sue or be sued, and has no legal existence.

19. Defendant Jose S. Garcia was not present at the time of the incident and had nothing to do with the disciplinary hearing or any other matter relevant to this case.

6

20. The reports and other documents prepared by Manuel Gaona, Juan Carlos Cruz, and Maria Hortencia Mancha are entirely consistent with the foregoing undisputed facts.

21. Plaintiff is no longer incarcerated in the Reality House Community Corrections Center.

**B. Conclusions of Law**

**1. Based on the Undisputed Summary Judgment Evidence, Reality House Community Corrections Center Lacks Jural Existence**

Defendant Reality House Community Correction Center does not have a jural existence, and is therefore entitled to summary judgment. Jural existence is measured in terms of an entity's capacity to sue and be sued. <u>Darby v. Pasadena Police Department</u>, 939 F.2d 311 (5th Cir. 1991).

As stated above, Reality House Community Corrections Center is merely a location of Reality House, Inc., a subsidiary of Correctional Systems, Inc. Reality House Community Corrections Center is not a corporate entity, does not have authority or capacity to sue or be sued, and has no legal existence.

In light of the foregoing, there are no genuine issues of material fact and Defendant Reality House Community Correction Center is entitled to judgment as a matter of law.

### 2. Based on the Undisputed Summary Judgment Evidence, Plaintiff's Claims Against Jose S. Garcia And Reality House Community Corrections Center Fail As A Matter Of Law

There are no allegations or proof of wrong-doing on the part of Defendant Reality House Community Correction Center or Defendant Jose S. Garcia. The only allegation against Defendant Reality House Community Corrections Center is that "it is responsible for the actions of its staff and their training." Plaintiff's Complaint at p.7, sec. D. Defendant Jose S. Garcia is alleged to have allowed "everything to go on, not caring if [Plaintiff] got a fair hearing." Plaintiff also alleges that Mr. Garcia was involved in an unspecified conspiracy. This "conspiracy theory," which apparently touches every individual Defendant, is not explained anywhere in Plaintiff's pleadings.

The law is clearly established that the doctrine of respondent superior does not apply to § 1983 actions. Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 691, 56 L. Ed. 2d 611, 98 S. Ct. 2018 (1978); Williams v. Luna, 909 F.2d 121, 123 (5th Cir. 1990). Rather, the misconduct of a subordinate must be affirmatively linked to the action or inaction of the supervisor. Southard v. Texas Bd. of Crim. Justice, 114 F.3d 539, 550 (5th Cir. 1997). A supervisor may be liable under §1983 if he, by action or inaction, demonstrates deliberate

indifference to a plaintiff's constitutionally protected rights. Id. at 551. "'Deliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action," Board of Comm'rs of Bryan Cty. v. Brown, 520 U.S. 397, 410, 137 L. Ed. 2d 626, 117 S. Ct. 1382 (1997), in other words, that he knew what was happening and just did not care. Simply alleging that an official was responsible for the acts of all the officials below is insufficient. Woods v. Edwards, 51 F.3d 577, 583 (5th Cir. 1995). Rather, a plaintiff must identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged. See also Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987).

Plaintiff's claim against the RHCCC are entirely based on alleged "responsibility" for actions of staff with no allegations of individual wrong-doing on the part of the RHCCC. This does not constitute a claim under 42 U.S.C. sec. 1983. Similarly, Plaintiff's claim against Mr. Garcia is that he "allowed" unspecified matters to take place. Mr. Garcia's affidavit establishes that he was not present at the time of the

9

incident and had nothing to do with the disciplinary hearing. His actions cannot be construed to be a "conspiracy."[2]

In light of the foregoing, there are no genuine issues of material fact with regard to Plaintiff's claims against Defendants RHCCC and Jose S. Garcia, and these Defendants are entitled to judgment as a matter of law.

> 3. **Based on the Undisputed Summary Judgment Evidence, Plaintiff's Claims Against Manuel Gaona, Juan Carlos Cruz, And Maria Hortencia Mancha Fail As A Matter Of Law**

Plaintiff's Claims against Manuel Gaona, Juan Carlos Cruz, and Maria Hortencia Mancha fail as a matter of law based on the summary judgment evidence. Put simply, these individuals filed reports that are entirely consistent with the undisputed summary judgment evidence. Plaintiff's allegations against these individuals are entirely conclusory. Plaintiff provides no evidence to support a claim that these individuals violated his constitutional rights or engaged in any conduct cognizable as a legal claim. The undisputed summary judgment evidence indicates that these Defendants acted properly, undertook required

---

[2] Plaintiff's allegations of "conspiracy are entirely conclusory and present nothing for the Court to decide. <u>Clark v. America's Favorite Chicken Co.</u>, 110 F.3d 295, 297 (5th Cir. 1997) ("Unsupported allegations . . . or deposition testimony setting forth ultimate or conclusory facts and conclusions of law are insufficient to defeat a motion for summary judgment.").

10

disciplinary procedures, and did not violate Plaintiff's constitutional or statutory rights in any way.

Accordingly, there are no genuine issues of material fact and Defendants Manuel Gaona, Juan Carlos Cruz, and Maria Hortencia Mancha are entitled to summary judgment as a matter of law.

### C. Failure to Prosecute

Plaintiff has failed to prosecute his case. As stated above, this case was scheduled for a Pre-trial Conference on November 1, 2001; jury selection was scheduled for the following day. Counsel for Defendants Defendants Reality House Community Corrections Center, Joe Garcia, Manuel Gaona, Juan Carlos Cruz, and Maria H. Mancha traveled from Texarkana, Arkansas, to attend the hearing. The Court cannot cancel jurors in less than a day. Defendants' expenses for travel and case preparation cannot be recovered. Plaintiff failed to even notify the Court he would not attend. Under these circumstances, he has abandoned and failed to prosecute his claims.

Rule 41(b) of the Federal Rules of Civil Procedure permits dismissal in these circumstances. The undersigned concludes that such a dismissal is justified.

11

### IV. **CONCLUSION**

In light of the foregoing, the Court concludes that there are no genuine issues of material fact and Defendants are entitled to summary judgment with regard to all of Plaintiff's claims. The Court further concludes that, in light of Plaintiff's failure to attend the Pre-trial Conference, which amounts to a failure to prosecute his case, this case should be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Accordingly, it is hereby

**ORDERED** that Defendants Reality House Community Corrections Center, Joe Garcia, Manuel Gaona, Juan Carlos Cruz, and Maria H. Mancha's Motion for Summary Judgment is, in all things, **GRANTED**. It is further

**ORDERED** that Plaintiff's claims against Defendants Reality House Community Corrections Center, Joe Garcia, Manuel Gaona, Juan Carlos Cruz, and Maria H. Mancha are **DISMISSED WITH PREJUDICE** pursuant to both Rules 56 and 41(b) of the Federal Rules of Civil Procedure.

12

Each party shall bear its own costs and fees.

Signed this 7th day of November, 2001.

_____
FELIX RECIO
UNITED STATES MAGISTRATE JUDGE